[No. 17299.   Department One.   October 30, 1922.]

WALKER TIMBER COMPANY, *Appellant*, v. EUREKA
CEDAR LUMBER & SHINGLE COMPANY,
*Respondent*.[1]

APPEAL (418)—REVIEW—FINDINGS. Findings on conflicting evidence as to the credibility of witnesses will not be disturbed when the evidence does not preponderate against them.

Appeal from a judgment of the superior court for Grays Harbor county, Sheeks, J., entered November 26, 1921, upon findings in favor of the defendant, in an action on contract, tried to the court. Affirmed.

*James P. H. Callahan,* for appellant.

*W. H. Abel,* for respondent.

HOLCOMB, J.—This action was brought by appellant to recover judgment against respondent for the sum of $3,585.16, on account of a raft of logs alleged to have been sold and delivered to respondent by appellant.

Upon conflicting evidence, the trial court found that the raft of logs mentioned in the complaint was not sold nor delivered by plaintiff to defendant; that there was no delivery of the logs, nor any writing binding the defendant, signed by it, or by any person authorized by it; nor was any part of the purchase price alleged by the plaintiff paid, and the transaction did not amount to a sale.

Upon these findings, the trial court concluded that the action should be dismissed. Judgment was therefore rendered in favor of respondent, and this appeal results.

[1]Reported in 209 Pac. 1073.

It will be seen that the trial court found upon the evidence that the raft of logs was not sold nor delivered to respondent. Facts were also found tending to show that the transaction was one governed by the statute of frauds, and therefore the sale was not binding because no memorandum thereof was made in writing and signed by the parties.

Under the conflicting evidence, the trial court might have found as to the sale and delivery in favor of either party, upon his judgment as to the credibility of the witnesses. He found in favor of respondent, and, after an examination of the evidence, we are satisfied that the evidence does not preponderate against the trial court's findings. We are therefore unable to reverse the judgment.

Affirmed.

PARKER, C. J., MACKINTOSH, BRIDGES, and MITCHELL, JJ., concur.